**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN PAUL SCHROEDER,

             Petitioner-Appellant,

v.

JEFF PREMO, Superintendent,

             Respondent-Appellee.

No.    15-35966

D.C. No. 6:10-cv-06197-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted October 3, 2017
Portland, Oregon

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

John Schroeder appeals the district court's denial of his petition for habeas

corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for one count of

first-degree sodomy and one count of first-degree burglary. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm. Because the petition was filed after April

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, habeas relief may be granted only if the state court's adjudication was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

1.     Schroeder argues that the trial court's refusal to grant his change of venue request denied his constitutional right to "a fair trial by a panel of impartial, indifferent jurors," *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). To support a change of venue request on the basis of prejudicial pretrial publicity, the defendant must establish either presumed or actual prejudice. *See Murphy v. Florida*, 421 U.S. 794, 800-01 (1975). As the reviewing federal court, our duty is to make an independent review of the record—including an independent review of news reports about the case—to determine whether there was such a degree of prejudice against the defendant that a fair trial was impossible. *Murray v. Schriro*, 746 F.3d 418, 443-46 (9th Cir. 2014).

Schroeder has failed to demonstrate either presumed or actual prejudice. An independent review of the record reveals that the press coverage of Schroeder's

trial was largely factual, not unusually inflammatory, did not saturate the community, and did not interfere with the court proceedings. Likewise, an independent review of the voir dire transcript shows that few potential jurors had formed preconceived notions of Schroeder's guilt based on pretrial publicity, and that none of the jurors seated held preconceived opinions of his guilt or otherwise exhibited signs of bias or partiality. The Oregon Court of Appeals' decision affirming the trial court's denial of the motion for change of venue was neither contrary to, nor an unreasonable application of clearly established federal law, and its decision did not rest on an unreasonable determination of the facts.

2.      Schroeder contends that the Oregon Court of Appeals erred in affirming the trial court's admission of the eyewitness identifications by L.B. and E.C. because the identifications were the product of impermissibly suggestive identification procedures in violation of the Due Process Clause. Courts employ a two-step approach to determine whether the Due Process Clause requires suppression of an eyewitness identification tainted by police arrangement. *Perry v. New Hampshire*, 565 U.S. 228, 238–41 (2012). If police used "an identification procedure that is both suggestive and unnecessary," the court must determine whether the improper procedure created a "substantial likelihood of misidentification." *Id.* at 238-39 (citing *Neil v. Biggers*, 409 U.S. 188, 201 (1972)). If so, then the court must

3

determine whether the identification was nonetheless reliable, as "reliability is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). We apply the factors identified in *Neil v. Biggers*, 409 U.S. at 199–200, in evaluating the reliability of the identification.

Schroeder first contends that the photographic lineup shown to two witnesses, E.C. and L.B., was itself impermissibly suggestive in both its composition and its administration by an investigating officer. We conclude that the fact that Schroeder's photograph was slightly larger than the other photographs in the lineup did not render the lineup itself impermissibly suggestive, nor did the fact that the lineup was administered by an officer investigating the case.

With E.C., the police did use an impermissibly suggestive identification procedure—they told her that a suspect was among the lineup's photographs—but her identification was nonetheless reliable under a *Biggers* analysis. The sole factor cutting against the reliability of E.C.'s identification was the length of time between the crime and the identification, as eight months had passed between the encounter and the photo identification and another four months had passed between the photo identification and the in-court identification. Nonetheless, no clearly established federal law compelled exclusion on the basis of this kind of time lapse.

4

With L.B., the police did not use an impermissibly suggestive identification procedure and therefore did not create a substantial likelihood of misidentification. Moreover, even if the procedure had been impermissibly suggestive, the identification would still be reliable upon consideration of the *Biggers* factors. When considering the "totality of the circumstances," *Biggers*, 409 U.S. at 199, the Oregon Court of Appeals' conclusion—that the identifications were sufficiently reliable to be admissible as a constitutional matter—was a reasonable application of clearly established federal law and was not based on an unreasonable determination of the facts.

**3.**     Schroeder argues that the trial court erred on the issue of expert testimony on eyewitness identification in two ways: first, by denying authorization of funds for an expert witness on eyewitness identification, and second, by excluding the proffered testimony of the defense's expert witness on eyewitness identification. The only Oregon court that provided a reasoned opinion on the merits of these two claims was the original trial court, so we look to the trial court's decision in our analysis.  *See Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003).

The erroneous exclusion of defense evidence may violate the Fifth Amendment due process right to a fair trial and the Sixth Amendment right to present a defense.  *See Chambers v. Mississippi*, 410 U.S. 284, 294-95, 302-03

(1973). A defendant's "right to present relevant evidence is not unlimited," however, and may "bow to accommodate other legitimate interests in the criminal trial process" and "is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). The exclusion of evidence in a criminal trial unconstitutionally abridges a defendant's right to present a defense only where the exclusion is arbitrary or disproportionate and where its exclusion has "infringed upon a weighty interest of the accused." *Id.*

The trial court excluded the evidence under Oregon precedent barring expert testimony on eyewitness identification. Schroeder has not shown that this exclusion of the testimony was contrary to, or an unreasonable application of, clearly established federal law relating to broad principles of admissibility of evidence in criminal proceedings. Schroeder has also failed to demonstrate the existence of any contradictory clearly established law governing the more specific proposition of admissibility of expert testimony on eyewitness identification. Indeed, we have consistently affirmed the exclusion of this type of expert testimony under less-demanding, less-deferential tests than the one AEDPA imposes on reviewing federal courts. *See United States v. Langford*, 802 F.2d 1176, 1179–80 (9th Cir. 1986).

We likewise reject Schroeder's funding argument. The Constitution requires that courts take steps to ensure that indigent defendants "have a fair opportunity to present [their] defense," and the Supreme Court has held that indigent defendants are entitled to certain types of assistance, including psychiatric experts under some circumstances. *Ake v. Oklahoma*, 470 U.S. 68, 76, 83 (1985). The Supreme Court has never held, however, that indigent defendants are entitled to funds for other types of expert witnesses. Indeed, we considered precisely this question in *Jackson v. Ylst*, 921 F.2d 882, 886 (9th Cir. 1990), and concluded that there was no authority for the proposition that the Constitution requires the appointment of an expert on eyewitness identification. The trial court's denial of funds was neither contrary to, nor an unreasonable application of, clearly established federal law.

**4.** Because Schroeder has failed to establish any constitutional error, he cannot establish that cumulative error infected his trial with unfairness such that habeas relief is warranted. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (holding that where court concludes that "no violation of federal rights" existed, "there is no reason to reverse for cumulative error").

**AFFIRMED.**

7